UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WESTERN SURETY COMPANY,** <br><br> Plaintiff, <br><br> v. <br><br> **HUDSON INSURANCE COMPANY, et al.,** <br><br> Defendants. | Civ. No. 16-3675 (WJM) <br><br> OPINION |

Plaintiff Western Surety Company, as assignee of N-Powell, brings this action pursuant to the Miller Act, 40 U.S.C. §§ 3131-34, against Defendants Hudson Insurance Company and M.E.R.I.T., Inc. Plaintiff alleges, *inter alia*, that Defendants owe Plaintiff an unpaid sum of $232,359.06, plus interest, under the Miller Act. The Miller Act allows subcontractors who have "furnished labor or material" to a federal construction project to bring suit to recover any unpaid amounts owed to them. 40 U.S.C. § 3133(b)(1). A Miller Act claim must be brought "no later than one year after the day on which the last of the labor was performed or material was supplied." 40 U.S.C. § 3133(b)(4).

Defendant M.E.R.I.T. now moves for partial summary judgment on Plaintiff's Miller Act claim, asserting that Plaintiff's claim is time-barred because it was filed outside of the Miller Act's one-year statute of limitations. Plaintiff opposes the motion. For the reasons set forth below, Defendant's motion for partial summary judgment is **DENIED**.

I. **BACKGROUND**

**The Parties**

N-Powell is a commercial construction contractor that performs construction work on public and private construction projects. Named Plaintiff Western Surety Co. is the contract surety for N-Powell, and the assignee of N-Powell's claims against Defendants.[1]

Non-Moving Defendant Hudson Insurance Company is the payment bond surety for Defendant M.E.R.I.T. Moving Defendant M.E.R.I.T. (hereinafter "Defendant") is a commercial construction contractor who was awarded a contract by the United States

---

[1] For the sake of convenience, the Court will refer to N-Powell as "Plaintiff" in this Opinion, even though Western Surety is technically the Plaintiff who has brought N-Powell's claims on N-Powell's behalf.

1

Army Corps of Engineers ("USACE"), and subsequently entered into a subcontract agreement with Plaintiff for labor and materials for that project.

**Relevant Factual Background**

The following facts are undisputed unless otherwise noted.

In April 2014, Defendant was awarded a contract by the USACE for the maintenance dredging of Shoal Harbor and Compton Creek in Belford Township, New Jersey (hereinafter, "the Project"). ECF No. 30 (Am. Compl.) ¶ 13.

Defendant entered into a subcontract with Plaintiff in which Plaintiff agreed to provide a portion of the labor and materials for the Project. ECF No. 37, Ex. A (Subcontract). Under the subcontract, Plaintiff was to perform all work identified in a work proposal Plaintiff had submitted to Defendant, and all work "as per Contract W912DS-14-C-0013." *Id.* The time of performance was also "as per Contract W912-DS-14-C-0013." *Id.* Plaintiff's Proposal included base bid work, option work, and providing miscellaneous supplies. ECF No. 37, Ex. B. The Project was initially set to conclude sometime in 2014; however, due to several delays in work and additional option work and change orders agreed upon by both parties, the project end date was repeatedly extended. *See, e.g..*, ECF No. 37., Ex. D, pp. 36 (January 2015 change order), 40-43 (April 2015 revised option work) 62-66 (Extra work letters). On March 29, 2016, Plaintiff submitted a "proof of claim" for payment under the surety payment bond to Defendant, identifying June 25, 2015, as the last day labor was performed under the subcontract. *Id.* pp. 2-4.

The parties' key point of dispute is when Plaintiff's last day of work occurred for purposes of the statute of limitations under the Miller Act. The present action was filed on June 22, 2016, so Plaintiff's last day of work must have been on or after June 22, 2015 in order for the action to be timely.

Defendant asserts that Plaintiff's last day of work was no later than June 12, 2015. ECF No. 37-2 (Def. SOF) ¶¶ 5-6. In support of this contention, Defendant provides, *inter alia*, the following evidence:

- A Certified Payroll Report, signed and certified by Plaintiff's Payroll Administrator, showing work billed through June 12, 2015, and marked with a handwritten "final." ECF No. 37, Ex. C.
- USACE's "Notice of Completion of Dredging" dated June 10, 2015, which states that dredging was completed as of June 2, 2015. ECF No. 37, Ex. E.
- An affidavit by Defendant's Site Supervisor Troy Polen stating that his last day on the site was June 18, 2015, and that "[Plaintiff] could not have conducted any further activities at the site without my being present." ECF No. 46-1, Polen Aff. ¶¶ 18, 21.

2

- Defendant's "Construction Manpower and Equipment Reports" dated June 12-18, 2015, reflecting hours worked on those days by Polen but no hours entered for any of Plaintiff's employees. ECF No. 46, Exs. H—M. The June 17th Report indicates that a final walkthrough inspection would occur on June 18, 2015. *Id.* Ex. M.

Plaintiff contends that its last day of work was June 25, 2015. ECF No. 42-1 (Pl. SOF) ¶ 5-6. To support this position, Plaintiff submits:

- A Certified Payroll Report indicating that Kevin L. Donohue (Plaintiff's project manager) logged hours of work through June 25, 2015. ECF No. 42-2, Ex. A. Plaintiff also alleges that the handwritten "final" on Defendant's Payroll Report showing work billed up until June 12, 2015 does not belong to Plaintiff's Payroll Administrator. Pl. SOF, ¶11.
- An affidavit by Donahue averring that his last day of work was June 25, 2015. ECF No. 42-2 (Donahue Aff.) ¶¶ 2, 11.
- An affidavit by Nichole Northcraft, principal officer for Plaintiff, averring that Plaintiff's last day of work was June 25, 2015, and that Plaintiff was never told to vacate the site or stop working when the USACE Notice of Completion was issued. ECF No. 42-3 (Northcraft Aff.) ¶¶14-15.
- Several change orders due to delays and requests for payment on extra work. ECF No. 42-2 pp. 19-25.
- The March 29, 2016 "proof of claim" for payment purposes, identifying June 25, 2015, as the last day of work.

**The Instant Action**

On June 22, 2016, Plaintiff filed this action against Defendants. ECF No. 1. In its Amended Complaint, Plaintiff asserts a Miller Act claim and a breach of contract claim against Defendants. ECF No. 30. Defendant M.E.R.I.T. now moves for partial summary judgment on Plaintiff's Miller Act claim, arguing that this claim is statutorily time-barred. ECF No. 37. Plaintiff opposes the motion. ECF No. 42.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party must support its position by citing to "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations[,] . . . admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

3

The Court considers the record in the light most favorable to the non-moving party while drawing all reasonable inferences in that party's favor. *Bowers v. NCAA*, 475 F.3d 524, 535 (3d Cir. 2007).

### III. DISCUSSION

Defendant asserts that Plaintiff's last day of work was no later than June 12, 2015, and therefore, that this action – which was not filed until June 22, 2016 – was filed 9 days late and is time-barred. Plaintiff, on the other hand, maintains that its last day of work was June 25, 2015, rendering its Miller Act claim timely-filed. Because both parties have presented competing record evidence regarding Plaintiff's last day of work, a genuine dispute as to a material fact remains such that summary judgment must be denied.

Under the Miller Act, a public works contractor has the right to sue for any unpaid amount due under the contract. 40 U.S.C. § 3133(b)(1). Courts are instructed to construe the Miller Act liberally in order "to protect persons who supply labor or materials for government construction projects." *U.S. ex rel. E & H Steel Corp. v. C. Pyramid Enterprises, Inc.*, 509 F.3d 184, 189-90 (3d Cir. 2007). The Miller Act requires that suits "be brought no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action." 40 U.S.C. § 3133(b)(4).

Courts have held that the relevant "last date" of work for purposes of the statute of limitations is "the date on which [plaintiff] last physically worked or supplied materials, regardless of the expectations of the parties or circumstances surrounding the termination of the work." *Polu Kai Servs., LLC v. Ins. Co. of Pennsylvania*, 2007 WL 4547500, at *2 (E.D. La. Dec. 19, 2007). *See also Gen. Ins. Co. of Am. v. Audley Moore & Son*, 409 F.2d 1326, 1327 (5th Cir. 1969) ("Labor furnished in the prosecution of the work is not co-terminus with the outer limits of all duties provided by the contract."). Additionally, a contractor must demonstrate that labor and materials were furnished pursuant to the particular contract at issue. *Miletta v. United States*, No. 02-1349, 2005 WL 1318867, at *12 (D.N.J. May 27, 2005) (internal citation omitted).

Here, the parties have submitted contradictory evidence regarding Plaintiff's last day of work. For example, each party has submitted its own "final payroll report" – Defendant's payroll report, with the word "final" handwritten on the front, indicates that Plaintiff's last day of work was June 12, 2015; Plaintiff's payroll report demonstrating that Donohue (Plaintiff's project manager) logged hours of work through June 25, 2015. Each side has also submitted competing affidavits as to the last day of work: Polen, Defendant's Site Supervisor avers that his last day on the site was June 18, 2015, and that "[Plaintiff] could not have conducted any further activities at the site without my being present." But affidavits by both Northcraft and Donahue aver that Plaintiff's last day of work under the subcontract was June 25, 2015. And while Defendant has submitted "Construction Manpower and Equipment Reports" indicating that a final walkthrough

inspection occurred on June 18, 2015, Plaintiff's "proof of claim" identifies June 25, 2015 as its last day of work.

Because a reasonable jury could infer from the record evidence presented that Plaintiff was conducting work under the contract up until June 25, 2015, Defendant has not met its burden to demonstrate as a matter of law that Plaintiff's Miller Act claim is untimely. Accordingly, summary judgment is not warranted. The cases Defendant cites in support of summary judgment do not alter this conclusion. For example, in one case, the Plaintiff conceded that its Miller Act Complaint was untimely, but sought equitable tolling of the statute of limitations because of an "innocent mistake." *See U.S. ex rel. Stan & Son Const., L.L.C. v. Pennsylvania Nat. Mut. Cas. Ins. Co.*, 2012 WL 1068710, at *3–6 (D.N.J. Mar. 28, 2012). Such is not the case here. Instead, Plaintiff disputes that its final day of work was June 12, 2015, and has provided evidence supporting its contention that the final day of work was June 25, 2015. Defendant proclaims that it "seems inconceivable" that Plaintiff worked until June 25, 2015 but failed to seek payment for this work sooner. The credibility of Plaintiff's account, however, is a question for a jury – and not a judge – to decide.

Finally, the Court notes that Defendant's motion for partial summary judgment has been filed well before the fact discovery end date – currently, fact discovery is due by August 31, 2017. ECF No. 48 (Scheduling Order). As Plaintiff points out, the Rule 26 document disclosures have not been completed and it is not clear to the Court whether all of the key documents necessary to dispose of this motion have been produced by the parties and submitted to the Court. In any case, and more generally, granting summary judgment on a fact-intensive statute of limitations defense before fact discovery is completed, especially when Plaintiff claims that certain disclosures could be dispositive of this issue, would be inappropriate. Accordingly, denial of summary judgment is warranted on this ground, as well.

## IV. CONCLUSION

For the above reasons, Defendant M.E.R.I.T.'s motion for partial summary judgment is **DENIED**. An appropriate Order follows.



/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 10, 2017**